UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MOISES CASTILLO-GONZALEZ,

　　　Plaintiff,

　　　v.

ADMINISTRACION DE CORRECCION, ESTADO LIBRE ASOCIADO DE PUERTO RICO; CORRECTIONAL HEALTH SERVICES CORPORATION,

　　　Defendants.

Civil No. 12-1731 (JAF)

**OPINION AND ORDER**

We must decide whether an inmate's 42 U.S.C. §1983 complaint presents claims that this court can exercise jurisdiction over.

**I.**

**Background**

Moisés Castillo-González, an inmate in a Puerto Rican correctional institution, filed a pro-se complaint seeking compensatory damages pursuant to 42 U.S.C. §1983 and the Eighth Amendment of the United States Constitution. Castillo-González claims that he was brutally beaten by inmate members of the "Ñeta" gang inside of the Sabana Hoyos correctional institution. (Docket No. 2 at 5-7.) Initially, Castillo-González did not notify the defendants or anyone else of what had happened for fear of reprisal. (Id.) It was not until several days later that Castillo-González told a psychiatrist what happened, who later notified Department of Corrections' personnel. (Id.) Said personnel put Castillo-González in isolation, where he tried to commit suicide by hanging himself in his

cell. (Id.) A correctional officer saw him and intervened. The Department then sent the plaintiff to a psychiatric hospital, where he stayed for more than a week. (Id.) Castillo-González returned to the Sabana Hoyos correctional facility before being transferred to a correctional facility in Bayamón. (Id.)

Castillo-González sought the same relief in Commonwealth courts that he seeks here—compensatory damages based, in part, on allegations that he was initially denied prescribed medical care. Castillo-González grieved his alleged maltreatment with the Commonwealth's Administrative Remedies Division of the Department of Corrections, (Docket No. 27-1), then filed two separate appeals in Commonwealth court. The Commonwealth courts denied his requests for relief: Castillo-González' first appeal was time-barred. His second appeal was dismissed by the Commonwealth Court of Appeals after considering the merits and determining that the remedies awarded to Castillo-González, including transfer to a different penal institution and appropriate medical care, were adequate and timely provided.

Castillo-González then filed the pending complaint on September 6, 2012. (Docket No. 2.) Codefendants moved separately to dismiss on various grounds. (Docket Nos. 16 and 18.) Castillo-González responded. (Docket No. 35.)

## II.

## Standard

### A. Subject Matter Jurisdiction

A pro-se party is held to less stringent standards than formal pleadings drafted by lawyers but is not excused from compliance with the rules of procedural and substantive law. Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008). We must liberally construe the submissions and interpret them to raise the strongest arguments that they suggest. Id.

Federal courts must resolve subject-matter jurisdiction questions before addressing the merits of a case. Donahue v. City of Boston, 304 F.3d 110, 117 (1st Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998)); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (court must be assured that subject-matter jurisdiction exists before proceeding to the merit of a case). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. See Fed.R.Civ.P. 12(b)(1).

### III.

### Discussion

Codefendants argue that the Rooker-Feldman doctrine prevents Castillo-González from seeking the same relief in his pending motion that the Commonwealth courts previously considered and rejected. (Docket Nos. 16 at 3-5 and 18 at 7-9.) We agree.

The Rooker-Feldman doctrine, derived from two United States Supreme Court decisions, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), divests federal district courts of subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Federal courts may reopen the civil judgments of state courts to evaluate their correctness only through the certiorari jurisdiction of the U.S. Supreme Court, even when a state court's decision raises constitutional questions. See, e.g., Exxon Mobil Corp., 544 U.S. at 284 (explaining that, under the Rooker-Feldman doctrine, a federal district court lacks subject-matter jurisdiction to

Civil No. 12-1731 (JAF) -4-

hear direct appeals from "unfavorable state-court judgments"); see also Miller v. Nichols, 58 F.3d 53, 59 (1st Cir. 2009). This principle of federalism is an essential safeguard protecting our dual system of government against federal judicial encroachment. Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 286 (1970). For the purposes of the doctrine, the Commonwealth of Puerto Rico is treated as a state. Coors Brewing Co. v. Mendez-Torres, 562 F.3d 3 (1st 2009). The Rooker-Feldman doctrine can apply to final state decisions of lower courts as well as high courts. Hill v. Town of Conway, 193 F.3d 33, 40 (1st Cir. 1999) (applying doctrine to intermediate appellate decision of state court); see also Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (Rooker-Feldman doctrine encompasses final decisions of lower state courts).

Here, Castillo-González's complaint focuses on issues litigated before the Puerto Rico Court of Appeals. That court found that the remedies requested by Castillo-González, including a transfer to an alternative penal institution and improved medical care, were timely met by Corrections authorities. (Docket No. 27-3.) Castillo-González's subsequent federal complaint seeks the same relief and compensatory damages under §1983. (Docket No. 2.) His federal claim could succeed only if we were to hold that the Puerto Rico Court of Appeals decision was incorrect.

As in Rooker and Feldman, here "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," Exxon Mobil, 125 S.Ct. at 1526. Consequently, we lack jurisdiction to review the Commonwealth court decision, and we grant the motion to dismiss.

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** Defendants' motion and **DISMISS WITH PREJUDICE** Plaintiff's claims.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 31st day of May, 2013.

                                                                                S/José Antonio Fusté
                                                                                JOSE ANTONIO FUSTE
                                                                                U. S. DISTRICT JUDGE